# EXHIBIT 3 (ECF 1-3)

Acting Secretary's Letter dated 2024-08-28 re subpoenas

| | | |
|---|---|---|
| **U.S. Department of Labor** | Office of the Solicitor<br>John F. Kennedy Federal Building – Rm. E-375<br>Boston, Massachusetts 02203 | |
| | Reply to the Attention of:  GJL<br>                                             617.565.2500 | |

By email

August 28, 2024

Travis W. Vance, Esq.
Fisher & Phillips LLP
227 West Trade Street
Suite 2020
Charlotte, NC 28202
tvance@fisherphillips.com

    Re:    Camping World Holdings, Inc.  ("Camping World")
              OSHA Inspection Nos. 1747802 and 1748812

Dear Mr. Vance:

Since you represent Camping World regarding the specified OSHA inspections, enclosed are copies of *subpoenas ad testificandum* requesting that Camping World managers/supervisors Steve McNutt and Pinardy Francois provide testimony as described. OSHA recently served these subpoenas by hand-delivering them to the Uxbridge, MA facility that is the subject of the inspections — specifically, to Pinardy Francois and Kyle Stojek General Manager present at the facility (McNutt subpoena). OSHA also mailed a copy of the subpoena to McNutt via certified mail return receipt to Camping World's corporate headquarters in Lincolnshire, Illinois.

As you may know, OSHA opened the underlying safety inspection (No. 1747802) under the Fall Hazard National Emphasis Program (NEP) after receiving a complaint that alleged fall hazards in connection with work being performed on top of RVs above 6 feet at the Uxbridge, MA facility.

OSHA opened the health inspection (No. 1748812) based on what the safety CSHO observed/learned when he visited the facility, including  both (1) concerns regarding respirator use and related requirements such as the extent to which medical evaluations were conducted and (2) concerns regarding the storage/use of hazardous chemicals, to include ensuring access to all relevant SDSs.

As part of its inspections, OSHA now seeks to interview the specified Camping World managers regarding topics such as: the conditions at the facility, the extent to which Camping World was aware of the potential hazards described above, the extent to which any employees, may have been exposed to any such hazards; and the extent to which Camping World was aware of same, if it was. Although there is no requirement that you be provided this context, I am including it here to make

clear that OSHA is well within its statutory authority to conduct these interviews pursuant to the issued subpoenas.[1]

My sincere hope is that we can complete these subpoenaed interviews as expeditiously as possible. To that end, I would be glad to coordinate with you at your convenience regarding any of the associated logistics.

- As the subpoenas state, OSHA can conduct the interviews either as scheduled or at another time/date/location upon which we can mutually agree in writing. For example, if it would be more convenient to conduct the interviews via Microsoft Teams, we could agree to that. Similarly, if a different date/time within a reasonable time period would be more convenient, we can agree on that as well.

- As the subpoenas further state, each interview will be audio-recorded. Accordingly, please note that, insofar as either manager being interviewed so requests, OSHA will provide that manager a copy of the audio recording, as well a copy of any transcript that OSHA may have prepared.

As further regards the enclosed subpoenas, it would be greatly appreciated if you could refrain from making any objections that are not substantially justified, as such objections will only serve to unnecessarily delay OSHA's inspection. This includes objections like each of those below, which your firm has recently asserted regarding other administrative subpoenas like those enclosed here.

- Contrary to your contention, none of Federal Rule of Civil Procedure 45's service "requirements" apply to administrative subpoenas such as these, as there is no pending civil action or proceeding before a district court.[2]
    - Rule 45 is part of Title VI of the Federal Rules of Civil Procedure and is titled "Trials," which contemplates the existence of a civil action or a proceeding *in a United States district court*. *See* Fed. R. Civ. P. 45; *see also* Fed. R. Civ. P. 1 (stating that "[t]hese rules govern the procedure in all civil actions and proceedings in the *United States District Court*") (emphasis added). As you know, there is no civil action or proceeding

---

[1] The information sought need only be relevant to any inquiry that the Secretary is authorized by law to undertake. *See Reich v. Sturm, Ruger & Co.*, 903 F. Supp. 239, 245 (D.N.H. 1995) (explaining that an administrative subpoena "need not be limited to materials directly relevant to the investigation"), *aff'd*, 84 F.3d 1 (1st Cir. 1996); *see also Dole v. Trinity Indus., Inc.*, 904 F.2d 867, 874 (3d Cir. 1990) (same).

[2] Subpoena enforcement proceedings are "designed to be summary in nature." *United States v. Comley*, 890 F.2d 539, 541 (1st Cir. 1989) (internal quotation marks omitted). "The requirements for enforcement of an administrative subpoena are not onerous." *United States v. Sturm, Ruger & Co.*, 84 F.3d 1, 4 (1st Cir. 1996). As the First Circuit has explained, all that the Secretary must show is that: "(1) the subpoena is issued for a congressionally authorized purpose, the information sought is (2) relevant to the authorized purpose and (3) adequately described, and (4) proper procedures have been employed in issuing the subpoena." *Id.* (citing *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950); *Okla. Press Publ'g Co. v. Walling*, 327 U.S. 186, 208 (1946); *Comley*, 890 F.2d at 541).

- now in existence in any United States district court concerning either these subpoenas or any other aspect of the OSHA investigation at issue.

  o The 1937 Advisory Committee Note expressly states that Rule 45 "does not apply to the enforcement of subpoenas issued by administrative officers and commissions pursuant to statutory authority." In addition to the 1937 Advisory Note to Rule 45, various courts have since expressly held that Federal Rule of Civil Procedure 45 does not apply to administrative subpoenas. *See E.E.O.C. v. Maryland Cup Corp.*, 785 F.2d 471, 477 (4th Cir. 1986); *United States v. Friedman*, 532 F.2d 928, 936 (3d Cir. 1976); *see also Bowles v. Bay of New York Coal & Supply Corp.*, 152 F.2d 330, 331 (2d Cir. 1945); *U.S. Commodity Futures Trading Comm'n v. Ekasala*, 62 F. Supp. 3d 88, 92 n.1 (D.D.C. 2014); *Long Island Precast, Inc. v. U.S. Dep't of Labor, Occupational Safety & Health Admin*, No. 14–MC–0772, 2014 WL 3735943, at *6 (E.D.N.Y. July 29, 2014).

  o As noted above, it is necessary to distinguish between the current situation (i.e., where OSHA has served administrative subpoenas but has not yet sought to enforce them in district court[3]) and the very different situation that would exist after OSHA files a petition to enforce one or more such administrative subpoenas in district court.[4]

---

[3] As the First Circuit has explained, administrative subpoenas are not self-executing because the recipient of an administrative subpoena has an opportunity to challenge the subpoena before yielding the information. *Sturm, Ruger*, 84 F.3d at 3.

[4] I would also specifically caution you that *Walsh v. UHS of Fuller, Inc.*, No. 19-91541-FDS, ECF No. 47, at 7 (D. Mass. Jan. 21, 2021) does not support your Rule 45 contentions.

- First, the Secretary of Labor did not argue therein that Federal Rule of Civil Procedure 81(a)(5) applies to OSHA administrative subpoenas generally; rather, the Secretary (successfully) argued that Rule 81(a)(5)— and by extension Rule 37 — applied to the then-pending civil action to enforce such a subpoena that the Secretary had previously filed in the District of Massachusetts.

- Second, the brief you reference makes no mention of Rule 45.

- Third, as further regards Rule 81(a)(5), although the rule does state that "these rules apply to proceedings to compel testimony through … a subpoena issued by a United States officer or agency under a federal statute," that does not trump that Rule 45 expressly does not apply as described above. Moreover, as Section 8(b) of the OSH Act states, although OSHA may issue administrative subpoenas, OSHA does not have the power to compel compliance. All that OSHA can do is petition the district court, which can then compel compliance. *See* 29 U.S.C. § 657(b). In other words, there is no *proceeding to compel testimony* through an administrative subpoena until the moment the Secretary files a petition to enforce the subpoena in district court.

In any event, the key point in the *UHS of Fuller* action is that, if an entity makes arguments that are not substantially justified in opposition to a petition to enforce an OSHA administrative subpoena in district court, the Secretary may then seek attorneys' fees. *See id.*, ORDER, ECF 57 (D. Mass. Apr. 7, 2021) (finding that the recipients' opposition was not substantially justified and that fees were appropriate under Federal Rule of Civil Procedure 37); *id.*, ORDER, ECF 63, 2021 WL 4926124, at *7 (D. Mass. Oct. 21, 2021) (awarding the Secretary fees).

3

- Moreover, the question is not whether OSHA's investigation is a "proceeding" but whether the investigation is an action or a proceeding in a United States district court, which OSHA's investigation is not.

- As regards the witness fee and mileage specifically, although you are correct that the OSH Act states that a witness appearing for an administrative interview shall be paid these amounts, *see* 29 USC 657(b), contrary to your contention, OSHA is not required to tender the fee and mileage at the time of service of the subpoena.[5] *See Long Island Precast, Inc.,* 2014 WL 3735943, at *6. And has been clearly explained to your firm previously, the process is for the witness to appear for the administrative interview and *after* the interview:

    1. fill out blocks 1, 2, and 5 on attached Form SF1157 (The fee is $40 for the day, and the mileage is however far the witness has to travel for the interview); and

    2. fill out the "Payee Information" and "Financial Institution Information" on attached Form 3881 so that the Department of Labor can make the electronic payment specified.[6]

- Contrary to your contention, OSHA may audio-record an interview of a manager where the witness appears in response to an administrative subpoena.

    - As an initial matter, since the OSH Act expressly authorizes subpoenas for testimony, not recording the testimony would only invite later disputes about what was actually said. *See* 29 U.S.C. § 657(b) ("In making his inspections and investigations under this Act the Secretary may require the attendance and testimony of witnesses and the production of evidence under oath.").

    - Further, the Administrative Procedures Act, 5 U.S.C. §§ 551-559, which applies to OSHA investigations,[7] provides that when a person is compelled to produce evidence to a federal agency, that person "is entitled to retain or, on payment of lawfully prescribed costs, procure a copy or transcript thereof, except that in a nonpublic investigatory proceeding the witness may for good cause be limited to inspection of the official transcript of his testimony." 5 U.S.C. § 555(c). As stated above, OSHA will provide the managers who testify in response to the enclosed subpoenas copies of the audio recordings, as well as copies of any transcripts that OSHA has prepared, if any.

    - Finally, your reliance on OSHA Compliance Directive 02-00-098 (1993) is misplaced. That policy applies to *informal* interviews of witnesses conducted by compliance safety and health officers in the field, not interviews conducted pursuant to subpoenas like these. Indeed, the word "subpoena" does not even appear in the directive once. Further,

---

[5] Note that if an interview is conducted over Teams, there is no mileage for the witness to claim.

[6] The explanation and the accompanying forms that my office previously provided to your firm are also enclosed. Note that is also possible for payment to be made by check, but that can take longer.

[7] *See, e.g., Trinity Indus. v. Martin*, 963 F.2d 795, 797 n.4 (5th Cir. 1992).

        OSHA's Field Operations Manual ("FOM"), which has been updated much more recently, plainly states that OSHA may issue an administrative subpoena that "commands a named individual or corporation to appear at a specified time and place, such as the Area Office, to provide testimony under oath."[8] FOM, Ch. 15, § I.B.2.[9]

In closing, I am hopeful that we can complete these subpoenaed interviews within a reasonable amount of time, so please let me know if any particular dates/times will work for the witnesses and you, and if it would be more convenient to conduct the interviews over Teams.

    Sincerely,

    */s/ Garrett J. Lee*
    Garrett J. Lee
    Senior Trial Attorney
    Boston Regional Solicitor's Office
    Tel: 617.565.2519
    Email: lee.garrett.j@dol.gov

    cc:    Adam Cloud (CSHO, OSHA)
           Jeffrey Shapiro, Esq. (Fisher Phillips)
           Emily Hulse (Fisher Phillips)

    Enclosures

---

[8] Note that OSHA's internal guidance documents like the FOM and/or directives do not create substantive or procedural rights for employers. *See Triumph Constr. Corp. v. Sec'y of Labor*, 885 F.3d 95, 99 (2d Cir. 2018) ("The Manual is only a guide to OSHA personnel to promote efficiency and uniformity, is not binding on OSHA or the Commission, and does not create any substantive rights for employers."); *Johnson Controls, Inc.*, No. 89-2614, 1993 WL 35627, at *13, n. 8 (OSHRC Feb. 3, 1993) ("[T]he FOM does not ordinarily create rights or defenses for employers . . .inasmuch as OSHA compiled the FOM as a guide for OSHA compliance personnel.").

[9] Note too that a district court recently rejected the contention that an audio recording could not be made as part of conducting an administrative interview pursuant to a subpoena. *See Su v. McKisick et al.*, Case No. 2:24-cv-00292-CCW, ORDER, ECF 25 (W.D. Pa. Aug. 13, 2024).

5

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

### *Subpoena Ad Testificandum*

TO: Pinardy Francois
865 Quaker Hwy
Uxbridge, MA 01569

Pursuant to Section 8(b) of the Occupational Safety and Health Act (29 U.S.C. §657(b)) you are hereby required to appear before Mary Hoye Area Director, or Her Duly Designated Representative of the OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, UNITED STATES DEPARTMENT OF LABOR, *to testify under oath as below, unless otherwise agreed to in writing. The testimony will be recorded.*

Date: September 6, 2024, unless otherwise agreed by counsel
Time: 10:00 AM
Location: 1441 Main St. Room 550 Springfield, MA 01103 or Microsoft Teams or other similar audio/video teleconferencing platform unless otherwise agreed by counsel

Subject: Working conditions maintained by Camping World RV Sales, at 865 Quaker Hwy Uxbridge, MA 01569

THE INTERVIEW WILL BE RECORDED.

YOU ARE EXPECTED TO BE PRESENT ON THE TIME, DATE, AND LOCATION STATED ABOVE UNLESS YOU BOTH (1) COORDINATE OTHERWISE WITH OSHA, AND (2) OSHA SO AGREES IN WRITING.



### FAIL NOT AT YOUR PERIL

In TESTIMONY WHEREOF I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR at Springfield, MA this 27 of August, 2024.

_____
Galen Blanton            Regional Administrator

# RETURN OF SERVICE

I hereby certify that being a person over 18 years of age, I duly served a copy of the attached subpoena.

Check method used [x] In person.

[ ] By certified mail-return receipt requested.

[ ] Other (specify) Email, UPS or Federal Express with delivery confirmation.

27 August 2024
**Date Served**
(month, day, year)

27 August 2024
**Date Served**
(month, day, year)

Adam Clout
**(Print name of person making service)**

Pimonly Munos
**(Name of person who was served)**

_(signature)_
**(Signature of person making service)**

Fixed Operations Manager
**(Official title)**

CsHo
**(Official title)**

THIS SECTION OF THE FORM TO BE COMPLETED *AFTER* THE NAMED INDIVIDUAL HAS APPEARED AND TESTIFIED

I certify that the person named herein was in attendance as a witness

on_____
(month, day or days, and year)

_____
(name of person certifying)

_____
(official title)

# UNITED STATES OF AMERICA
## DEPARTMENT OF LABOR
### OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

*Subpoena Ad Testificandum*

TO: Steve McNutt
865 Quaker Hwy
Uxbridge, MA 01569

Pursuant to Section 8(b) of the Occupational Safety and Health Act (29 U.S.C. §657(b)) you are hereby required to appear before Mary Hoye Area Director, or Her Duly Designated Representative of the OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, UNITED STATES DEPARTMENT OF LABOR, to testify under oath as below, unless otherwise agreed to in writing. The testimony will be recorded.

Date: September 6, 2024, unless otherwise agreed by counsel
Time: 1:00 PM
Location: 1441 Main St. Room 550 Springfield, MA 01103 or Microsoft Teams or other similar audio/video teleconferencing platform unless otherwise agreed by counsel

Subject: Working conditions maintained by Camping World RV Sales, at 865 Quaker Hwy Uxbridge, MA 01569

THE INTERVIEW WILL BE RECORDED.

YOU ARE EXPECTED TO BE PRESENT ON THE TIME, DATE, AND LOCATION STATED ABOVE UNLESS YOU BOTH (1) COORDINATE OTHERWISE WITH OSHA, AND (2) OSHA SO AGREES IN WRITING.



**FAIL NOT AT YOUR PERIL**

In TESTIMONY WHEREOF I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR at Springfield, MA this 27 of August, 2024.

_____
Galen Blanton            Regional Administrator

# RETURN OF SERVICE

**I hereby certify that being a person over 18 years of age, I duly served a copy of the attached subpoena.**

Check method used  [x]  In person – Hand Delivered to Kyle Stojek on 27 August 2024 at 865 Quaker Hwy, Uxbridge, MA 01569

[x] By certified mail-return receipt requested on 28 August 2024 to: 2 Marriott Dr. Lincolnshire, IL 60069

[ ] Other (specify) Email, UPS or Federal Express with delivery confirmation.

_____**See Above**_____
**Date Served**
**(month, day, year)**

_____**See Above**_____
**Date Served**
**(month, day, year)**

_____**Adam Cloud**_____
**(Print name of person making service)**

_____**Kyle Stojek (See above)**_____
**(Name of person who was served)**

*Adam Cloud*
_____
**(Signature of person making service)**

_____**General Manager (see above)**_____
**(Official title)**

_____**CSHO**_____
**(Official title)**

THIS SECTION OF THE FORM TO BE COMPLETED *AFTER* THE NAMED INDIVIDUAL HAS APPEARED AND TESTIFIED

**I certify that the person named herein was in attendance as a witness**

on_____
**(month, day or days, and year)**

_____
**(name of person certifying)**

_____
**(official title**

Standard Form 1157 (Rev. 4-80)
Department of the Treasury
1157-107

**CLAIMS FOR WITNESS ATTENDANCE FEES, TRAVEL, AND MISCELLANEOUS EXPENSES**

Previous editions obsolete
NSN 7540-00-634-4347

## PART I—ATTENDANCE CERTIFICATION

1. General Information   S.S. # _____

   a. Witness Name _____
   b. Witness Address
      Street _____
      City _____ State _____ Zip _____
   c. U.S. Citizen: Yes (○)  No (○)   Alien: Legal (○)  Illegal (○)

   d. Case Name _____
   e. Case Number _____
   f. District or Location _____

2. Travel and Attendance Information
   a. Dates of Travel From Residence to Case Location:   From _____  To _____
   b. Dates of Travel From Case Location to Residence:   From _____  To _____
   c. Dates of Attendance:                                From _____  To _____

3. **Certification**

   I certify that the witness named above attended in the case or matter indicated and is entitled to the statutory allowances for attendance and travel. In the proceedings before United States Magistrate where more than four witnesses were called, the Magistrate also certifies that the approval and certification of the U.S. Attorney were first obtained.

   _____(Signature)_____   _____(Title)_____   _____(Date)_____

## PART II—WITNESS CLAIM FOR FEES AND ALLOWANCES

|  | Rate | No. of Days | Amount Claimed | Totals |
|---|---|---|---|---|
| 1. Attendance Fees |  |  |  |  |
| a. Fact, Pretrial Conference & Detained Witness | ____ | ____ | $ ____ |  |
| Total Attendance Fees |  |  |  | $ ____ |

| 2. Mileage Allowance (Indicate type of privately owned vehicle: (auto) (motorcycle) (airplane) | Rate | No. of Miles | Amount Claimed |  |
|---|---|---|---|---|
| a. From Residence to Case Location (and Return) | ____ | ____ | $ ____ |  |
| b. From Hotel/Motel to Court (or Court to Hotel/Motel) | ____ | ____ | ____ |  |
| Total Mileage Allowance |  |  |  | $ ____ |

3. Subsistence Per Diem Rate: _____ or HRGA Rate: _____
   (HRGA: High Rate Geological Area)

| | Rate | No. of Days | Amount Claimed | |
|---|---|---|---|---|
| a. Meals | ____ | ____ | $ ____ | |
| b. Lodging | ____ | ____ | ____ | |
| Total Subsistence Allowance |  |  |  | $ ____ |

4. Miscellaneous Allowances (See Item 8 Below)

|  |  |  | Amount Claimed |  |
|---|---|---|---|---|
| a. Common Carrier |  |  | $ ____ |  |
| b. Parking Fees, Tolls, Taxi Fares |  |  | ____ |  |
| Total Miscellaneous Allowances |  |  |  | $ ____ |
| 5. Total Amount Claimed (Items 1-4, Part II) |  |  |  | $ ____ |
| 6. Less Outstanding Check or Cash Advances |  |  |  | $ ____ |
| 7. Net Amount Claimed by Witness |  |  |  | $ ____ |

8. Use this space to itemize your expenses from Item 4, Part II above. Receipts are required for all common carrier and parking fees, and for all other single items in excess of $15.00.

   Paid by Check No. _____

   Paid by Cash $ _____

   _____(Signature of Payee)_____

   _____(Date)_____

9. **Witness Certification**

   I certify that the above data is correct and that payment has not been received, and that at the time of travel and attendance I (was) (was not) a Government employee and I (was) (was not) a citizen of the United States. (If not a citizen, present your Alien Registration Record with this form.) I (did) (did not) receive a Government Transportation Request to pay for my official travel.

   _____(Signature)_____   _____(Date)_____

## PART III—RESERVED FOR FINANCE OFFICE

1. Computation
   a. Net Amount Claimed by Witness (From Item 7, Part II)   $ ____
   b. Adjustments Due to Any Differences (Explain Differences) ____

   c. Amount Authorized for Payment   ____   $ ____
   d. By _____ Title _____

2. Accounting Classification Data _____

U.S. GOVERNMENT PRINTING OFFICE 1981 — 156-546

Save Form

# ACH VENDOR/MISCELLANEOUS PAYMENT ENROLLMENT FORM

OMB No. 1510-0056

This form is used for Automated Clearing House (ACH) payments with an addendum record that contains payment-related information processed through the Vendor Express Program. Recipients of these payments should bring this information to the attention of their financial institution when presenting this form for completion. See reverse for additional instructions.

## PRIVACY ACT STATEMENT

The following information is provided to comply with the Privacy Act of 1974 (P.L. 93-579). All information collected on this form is required under the provisions of 31 U.S.C. 3322 and 31 CFR 210. This information will be used by the Treasury Department to transmit payment data, by electronic means to vendor's financial institution. Failure to provide the requested information may delay or prevent the receipt of payments through the Automated Clearing House Payment System.

## AGENCY INFORMATION

FEDERAL PROGRAM AGENCY

AGENCY IDENTIFIER:

AGENCY LOCATION CODE (ALC):

ACH FORMAT:
☐ CCD +     ☐ CTX

ADDRESS:

CONTACT PERSON NAME:

TELEPHONE NUMBER: ( )

ADDITIONAL INFORMATION:

## PAYEE/COMPANY INFORMATION

NAME

SSN NO. OR TAXPAYER ID NO.

ADDRESS

CONTACT PERSON NAME:

TELEPHONE NUMBER: ( )

## FINANCIAL INSTITUTION INFORMATION

NAME:

ADDRESS:

ACH COORDINATOR NAME:

TELEPHONE NUMBER: ( )

NINE-DIGIT ROUTING TRANSIT NUMBER: __ __ __ __ __ __ __ __ __

DEPOSITOR ACCOUNT TITLE:

DEPOSITOR ACCOUNT NUMBER:

LOCKBOX NUMBER:

TYPE OF ACCOUNT:
☐ CHECKING     ☐ SAVINGS     ☐ LOCKBOX

SIGNATURE AND TITLE OF AUTHORIZED OFFICIAL:
(Could be the same as ACH Coordinator)

TELEPHONE NUMBER: ( )

AUTHORIZED FOR LOCAL REPRODUCTION

SF 3881 (Rev. 2/2003)
Prescribed by Department of Treasury
31 U S C 3322; 31 CFR 210

**Instructions for Completing SF 3881 Form**

Make three copies of form after completing. Copy 1 is the Agency Copy; copy 2 is the Payee/Company Copy; and copy 3 is the Financial Institution Copy.

1. Agency Information Section - Federal agency prints or types the name and address of the Federal program agency originating the vendor/miscellaneous payment, agency identifier, agency location code, contact person name and telephone number of the agency. Also, the appropriate box for ACH format is checked.

2. Payee/Company Information Section - Payee prints or types the name of the payee/company and address that will receive ACH vendor/miscellaneous payments, social security or taxpayer ID number, and contact person name and telephone number of the payee/company. Payee also verifies depositor account number, account title, and type of account entered by your financial institution in the Financial Institution Information Section.

3. Financial Institution Information Section - Financial institution prints or types the name and address of the payee/company's financial institution who will receive the ACH payment, ACH coordinator name and telephone number, nine-digit routing transit number, depositor (payee/company) account title and account number. Also, the box for type of account is checked, and the signature, title, and telephone number of the appropriate financial institution official are included.

**Burden Estimate Statement**

The estimated average burden associated with this collection of information is 15 minutes per respondent or recordkeeper, depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to the Financial Management Service, Facilities Management Division, Property and Supply Branch, Room B-101, 3700 East West Highway, Hyattsville, MD 20782 and the Office of Management and Budget, Paperwork Reduction Project (1510-0056), Washington, DC 20503.